# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL CASE NO. 15-42-DLB-CJS-1**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**v.**                 **REPORT AND RECOMMENDATION**

**LAURA J. BOWLING**                                                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On March 13, 2018 this matter came before the Court for a Sentencing Hearing on the United States Probation Officer's Reports that Defendant Laura J. Bowling had violated conditions of her supervised release. (R. 87, 107). Defendant was present in court and represented by Attorney Eric Eckes, and the Government was represented by Assistant United States Attorney Anthony Bracke. Senior U.S. Probation Officer Stacy Suter was also present for this proceeding.

The within revocation proceedings started in August 2017 when Defendant Bowling initially appeared on a violation charge set forth in an August 15, 2017 Violation Report. (R. 87). A Final Revocation Hearing was held on September 5, 2017, during which Defendant Bowling admitted to the violation charged in that Report. At that time, sentencing was deferred pending Defendant's participation in further treatment. A Supplemental Violation Report was subsequently prepared by the Probation Office, and the March 13, 2018 Sentencing Hearing also addressed the additional violation charges set forth in that Supplemental Report. (R. 107; R. 106).

Upon call of the case at the March 13, 2018 Sentencing Hearing, the parties informed the Court they had reached an agreement for a recommended disposition. Specifically, Defendant was prepared to admit to the two additional violation charges in the March 9, 2018 Supplemental

Supervised Release Violation Report (R. 107) and, in exchange, the Government agreed to a recommended 4-month term of incarceration, with an additional new term of supervision being left to the Court's discretion. For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be recommended that Defendant's supervised release be revoked and that she be sentenced to a 4-month term of incarceration with a new term of supervision of 3 years to follow.

I.      **Factual and Procedural Background**

On December 3, 2015, Defendant pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. (R. 37; R. 38). On March 31, 2016, presiding District Judge David Bunning sentenced Defendant to time served (171 days as of March 31, 2016) with 3 years of supervised release to follow. (R. 54; R. 64). Defendant's term of supervision began on March 31, 2016. (R. 87).

On October 7, 2016, Probation Officer Suter submitted a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender, requesting that Defendant's conditions be modified to include that she abstain from the use of alcohol. This Request was submitted after a home visit in which Officer Suter determined that Defendant had been drinking alcohol to excess. The Court ordered the modification of supervision conditions as requested. (R. 66). On January 18, 2017, Officer Suter once again petitioned the Court to modify the Defendant's conditions of supervision to provide that she participate in two weekends of intermittent confinement. This request was based upon Defendant being untruthful about her employment status until after the Probation Officer confronted her with evidence. Defendant ultimately admitted to

having been untruthful with her Probation Officer, and the Court approved the modification to conditions as requested. (R. 67).

On February 24, 2017, Officer Suter once again petitioned the Court to modify Defendant's conditions of supervision to provide that Bowling wear a transdermal alcohol monitor (TAD) for a 4-month period. (R. 68). This modification was requested after the Probation Office learned that Defendant had been admitted to St. Elizabeth Hospital on December 7, 2016 for what appeared to be alcoholic gastritis, having informed hospital staff that she drank alcohol all day on Saturday with subsequent vomiting and diarrhea. Defendant Bowling left the hospital on December 8, 2016 against medical advice. Given this admission by Defendant to having violated the condition of her supervision not to consume alcohol, Officer Suter recommended that Defendant's supervision be modified to include she wear the transdermal alcohol monitor for a period of 4 months, and that her intermittent confinement be removed since she would no longer be able to serve such confinement while wearing the TAD. District Judge Bunning ordered this modification of Defendant's conditions as requested. (R. 68). Defendant wore a TAD device from March 6, 2017 until its removal on July 4, 2017.

On August 15, 2017, Officer Suter submitted a Petition to Judge Bunning for a summons to be issued for Defendant to appear and address alleged noncompliance with her supervision. (R. 84). Judge Bunning ordered a summons be issued, and Defendant came before the Court on August 25, 2017 for an initial appearance. (R. 86). At that proceeding, the August 15, 2017, Violation Report setting forth one violation charge was reviewed with Ms. Bowling and a final hearing was scheduled for September 5, 2017. (R. 86; R. 87). At that September 5, 2017 final hearing, Defendant admitted under oath to the following violation of her supervised release:

3

**Violation No. 1:** The defendant shall abstain from the use of alcohol. (Grade C violation).

At a morning home visit on August 13, 2017, Defendant was observed by probation officers to be under the influence of alcohol, as she smelled of alcohol and was slurring her words. A breath test registered as .103. Defendant subsequently confirmed to the officers that she had consumed alcohol. Defendant admitted at this hearing that her consumption of alcohol violated the above condition of her supervision. (R. 87; R. 90). At the September 5 proceeding, the Court deferred addressing an appropriate sentence for Defendant's violation for 6 months at the joint request of the parties, pending Defendant's participation in increased therapeutic treatment, a 12-step recovery program, and wearing of a TAD. (R. 89; R. 90).

Defendant appeared for a status conference on December 5, 2017. (R. 92). At that time, her progress was reviewed. Her counselor reported she had increased treatment sessions and was engaged in a 12-step recovery program and doing well with her attendance and participation. She had also been progressing well with her TAD without incident, although Defendant's request to remove the TAD for employment reasons was denied given Defendant's then recent urinalysis was reported as being dilute. The matter was set for a March 5, 2018 sentencing hearing. (R. 92). The sentencing hearing was subsequently rescheduled for March 13, 2018. (R. 105).

Officer Suter on March 9, 2018 prepared a Supplemental Violation Report (R. 107), wherein she provided updated information on Defendant's compliance. Officer Suter reported that at a December 11, 2017 home visit, Defendant's urine screen tested positive for marijuana and Suboxone, with subsequent laboratory confirmation of the specimen returning positive for Suboxone. Defendant denied use of controlled substances to the Probation Officer, including after laboratory confirmation, and also denied use of Suboxone to her treatment provider. (R. 107).

4

The case was called on March 13, 2018 for scheduled Sentencing Hearing on Defendant's admission to Violation No. 1 charged in the August 15, 2017 Report. At that time, the March 9, 2018 Supplemental Report was reviewed with Defendant Bowling, including the changes in the potential penalties as a result of these two new violation charges. (R. 107). Defendant was given the option of continuing the matter for a subsequent final revocation hearing given the additional charges, but indicated she wished to proceed. As noted above, counsel proceeded to inform the Court that the parties had reached an agreement: Defendant was prepared to admit to Violation Nos. 2 and 3 as set forth in the March 9, 2018 Supplemental Report (R. 107) and, in exchange, the United States had agreed to recommend a sentence of 4 months of imprisonment for the three violations, with Defendant agreeing to an additional new term of supervision as determined by the Court in its discretion.

Upon the parties' announcement that they had reached an agreement, the undersigned explained to Defendant that while a recommendation of an appropriate sanction will be made to District Judge Bunning, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged her understanding and stated it was her desire to admit to the additional violation charges. Specifically, Ms. Bowling admitted under oath to the following additional violations of supervised release and the factual circumstances as follows:

> **Violation No. 2:** The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C violation).

Upon December 11, 2017 home visit by U.S. Probation Officers, a urine screen from the Defendant tested positive for marijuana and Suboxone. Defendant denied use both upon initial testing and after subsequent laboratory analysis returned positive for Suboxone. Defendant also

denied used to her treatment provider. Defendant admitted at this court proceeding that she used Suboxone on or about December 11, 2017, in violation of this condition of her supervision.

**Violation No. 3:** The defendant shall not commit another federal, state, or local crime. (Grade B violation).

As stated above, Defendant admitted to using Suboxone (Violation No. 2) which, under Sixth Circuit law, is equivalent to unlawful possession of Suboxone. *United States v. Crace,* 207 F.3d 833, 836 (6th Cir. 2000). In light of Defendant's criminal history, her conduct of being in possession of Suboxone renders her chargeable with violating federal law, 21 U.S.C. § 844(a), rendering this a Grade B violation under U.S.S.G. § 7B1.1(a)(2).

The undersigned is satisfied from the dialogue with Defendant at the March 13, 2018 hearing that she understands the nature of the three violations charged against her, has had ample opportunity to consult with counsel, and enters her admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admission to Violation No. 1 at the September 5, 2017 hearing and her admission to Violation Nos. 2 and 3 at the March 13, 2018 hearing, the undersigned finds, and will recommend that the District Judge find, that Defendant has violated the conditions of her supervised release as charged.

## II. Sentencing

Defendant having admitted to violating her supervised release, the question of appropriate sanctions for the violations is presented. A term of supervision may be revoked after finding that a defendant has violated a condition of supervision. *See* U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable Sentencing Guidelines Policy Statements, *see United States Sentencing Commission*

*Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a), must be considered.[1]

Here, Defendant's underlying criminal offense was a Class C felony. The maximum statutory term of incarceration upon revocation of her supervised release is 24 months. *See* 18 U.S.C. § 3583(e)(3). Defendant's original violation charge was a Grade C violation, as is Violation No. 2. However, Violation No. 3 is a Grade B violation. Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 4 to 10 months, based upon Defendant's criminal history category of I and her highest admitted violation being the Grade B violation. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

As explained above, the parties have agreed to a recommended sentence of 4 months of incarceration with a new term of supervision as determined by the Court in its discretion. The undersigned agrees that under the circumstances presented, this recommended sanction of a 4-month term of incarceration is sufficient, but not greater than necessary, to comply with the applicable § 3553 factors imported into the § 3583(e) analysis.

Since Defendant's release on supervision there have been some setbacks, with interim steps taken by the Probation Office, but Defendant has also been making progress on supervision. The United States offers that 4 months is an appropriate term of incarceration when considering how to balance the context of rehabilitation attendant with supervised release but also recognizing the

---

[1] In the specific context of supervised release proceedings, 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

criminal context in which Defendant is before the Court based upon her new violative conduct that has occurred. Defendant has admitted at the prior proceeding to consuming alcohol and at this proceeding has admitted to her use of Suboxone without a prescription and acknowledged being in possession of Suboxone. Despite this conduct, she is actively involved in a 12-step program and sees her counselor regularly. Her counselor updates that she has made progress. Defense counsel notes that Defendant has come a long way but also understands that supervision involves rules that must be followed. Defense counsel submits that her relapse with use of Suboxone is a more mild relapse given that Defendant's primary problem has been alcohol and she currently has that under control as demonstrated by the TAD monitoring. The U.S. Probation Officer confirmed that under the circumstances, the Defendant is in need of some term of incarceration and is in agreement with the parties' recommendation of the 4-month low end of the Guidelines range.

As for a new term of supervised release to follow, defense counsel suggested that Ms. Bowling's new term of supervision be extended 1 year from the date of release from the BOP facility. The Government suggests that, because Defendant's release from a 4-month term of incarceration will in many ways involve her starting over again, a 3-year term of supervised release should follow so that the Probation Office has every tool at their disposal to help the Defendant. The U.S. pointed out that Probation can always ask for her early release from supervision if Ms. Bowling does well in the initial portion of her new term of supervision. U.S. Probation agrees that a 3-year term of supervision to follow is appropriate, with their Office to ask for early termination if Ms. Bowling does well. Officer Suter also recommended that, under the circumstances, a search condition be added to Defendant's new term of supervision. Specifically, because Defendant has an ongoing prescription for Gabapentin, which prescription she was not able to produce for U.S.

Probation on home visit despite the subsequent KASPER report indicating she had recently received a refill, a search condition is warranted. Defendant is agreeable to this condition being imposed for her new term of supervision to follow.

Upon consideration, the parties' recommendation is appropriate. Defendant is a category I criminal history and this is her first formal revocation proceeding. The Court had hoped that this revocation proceeding would be limited to Violation No. 1. But with the addition of the two new violation charges to which Defendant has now admitted, some term of incarceration is necessary in order to impress upon Defendant that there must still be consequences for violations even when she is making progress, and particularly when she has been resistant to acknowledging to the Probation Office her transgressions from compliance. These are issues that she will need to continue to work on and why further supervision is appropriate.

The Court encourages Defendant to focus upon improving her communication level with Probation. She has a difficult background and life circumstances to address. The difficulties with her adjustment to supervision are evidenced by the docket requests for modification and as explained by Officer Suter in both Violation Reports. It is important that she work hard to comply with the directives of the Probation Officer and push herself not to be deceptive with Probation, such as she has been in the past over her employment circumstances, her Gabapentin prescription, use of Suboxone and reporting same to her treatment provider, et cetera. Probation is there to assist defendants with their rehabilitation process. Officers recognize there will be struggles for defendants such as Ms. Bowling in the course of their rehabilitation process, but it is difficult for officers to craft appropriate assistance if a defendant is unwilling to acknowledge and accept responsibility for the conduct and be forthcoming with the supervising officer.

Also, for the reasons offered by the United States and U.S. Probation, the undersigned agrees that a 3-year new term of supervision to follow is also warranted and appropriate. Defendant's original conditions and the modification to abstain from the use of alcohol should be reimposed for her new term of supervision along with the addition of a search term.

In summary, the undersigned accepts the parties' proposed 4-month term of incarceration and will recommend a 3-year term of supervision to follow to District Judge Bunning in this Report and Recommendation. In light of this acceptance, Defendant has waived her right to allocute and her right to appeal her sentence to the extent it is consistent with this Report and Recommendation. (R. 108).

Defendant has requested to remain on supervise release while her father undergoes surgery and during his initial recovery process so that she may assist him. The United States does not object to Defendant's request. Defendant also requested that the Court recommend she be placed at a federal facility as close as possible to the Greater Cincinnati area and that she be permitted to self surrender to the facility ultimately designated by the BOP.[2] The Court informed Defendant that it cannot require the Bureau of Prisons to house her at any particular location, but that a placement recommendation would be made on her behalf.

### III. Conclusion and Recommendations

The undersigned being satisfied from dialogue with Defendant that she understands the nature of the violations, has had ample opportunity to consult with counsel, and enters her

---

[2] At the hearing, the undersigned ordered that Defendant self surrender by April 17, 2018 to the facility designated by the BOP after Judge Bunning enters the Amended Judgment. However, given the filing date of this Report and Recommendation, and given that the intention was originally for Defendant to remain on supervised release pending entry of the Amended Judgment and designation by the BOP, Ms. Bowling currently remains released on supervision and was not required to self surrender on April 17 because no facility has yet been designated.

admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1) Defendant **LAURA J. BOWLING** be found to have **violated** the terms of her supervised release as set forth in Violation Nos. 1, 2, and 3 set forth in the August 15, 2017 Violation Report and March 9, 2018 Supplemental Report (R. 87; R. 107);

2) Defendant's supervised release be **revoked;**

3) Defendant be sentenced to the custody of the Attorney General for a **term of imprisonment of 4 months, with a 3-year term of supervised release to follow,** upon the same terms and conditions of supervision as imposed in the original Judgment, and as modified for Defendant to abstain from the use of alcohol, as well as with the following additional search condition:

> You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1), but including other devices excluded from this definition), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search will be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

4) Defendant's sentence, if possible, be served at a federal facility as close as possible to the Greater Cincinnati area; and

5) Defendant be required to promptly self surrender upon the BOP's designation of a facility and the Probation Officer's communication of that designation to Defendant.

The Clerk of Court shall forthwith submit this Report and Recommendation to the presiding District Judge for consideration, Defendant and the United States having waived the 14-day period for the filing of objections hereto.

Signed this 5th day of July, 2018.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\15-42 Bowling R&R.wpd